Dear Dr. Liberto:
You have requested an opinion of the Attorney General's Office with respect to several complaints received by the Louisiana State Board of Dentistry alleging that various dental plans in the State of Louisiana operate in violation of Louisiana law, particularly the Louisiana Dental Practice Act found at LSA-R.S. 37:751, et seq.
The State Board of Dentistry recently confirmed a notice that was addressed to all licensed dentists in Louisiana stating that any dentist participating in any "referral plan" in conjunction with a preferred provider organization was engaged in unprofessional conduct in violation of the Dental Practice Act and could be subject to disciplinary action from the board. We disagree. The enactment of "the PPO Act", LSA-R.S. 40:2201, et seq., has specifically recognized that PPO arrangements are a legitimate means for ensuring that the citizens of Louisiana will receive cost effective and quality health care from medical practitioners. The PPO Act states in part as follows:
 A. The legislature recognizes that health care costs have risen greatly over the past decade and must be contained without jeopardizing:
 (1) The quality of care received by patients.
 (2) The ability of health care providers to maintain, update, and expand their facilities to serve their patients in communities and to meet federal and state standards and regulations.
 B. The legislature further recognizes that there must be some incentive for purchasers and providers to strive for more cost-efficient and effective methods of providing quality patient care and more efficient payment for services rendered.
 C. Therefore, the state can assist in reducing health care costs by authorizing the formation of preferred provider organizations. (Emphasis added).
 D. The legislature further recognizes that the state and governmental bodies can reduce the cost of providing health care benefits for their employees by contracting with a preferred provider organization.
Further, the PPO Act specifically authorizes the formation of PPOs and contracts between providers and group purchasers. LSA-R.S. 40:2202 states in pertinent part:
 (3) "Group purchaser" shall mean an organization or entity which contracts with providers for the purpose of establishing a preferred provider organization.
LSA-R.S. 40:2203 of the act goes on to state:
 A. Any group purchaser may contract with any provider in any contractual agreement or agreements to form a preferred provider organization.
It is important to recognize that dentists are covered by the definition of "provider" as "one or more entities which offer health care services and shall include but not be limited to hospitals, individuals or groups of physicians, individuals or groups of psychologists, and other health care entities." LSA-R.S. 40:2202 (6). Dentists provide health care services to their patients and therefore shall be construed to be a "provider" for purposes of consideration under this Act.
In your request, your primary concern focuses on whether a dentist's participation in a preferred provider organization constitutes "unprofessional conduct" as such term is used in LSA-R.S. 37:775 (7) of the Dental Practice Act.
Generally, preferred provider organizations authorized by LSA-R.S. 40:2201 enter into contracts with participating dentists who agree to be available to render dental care services to the organization's members at certain scheduled discounted fees. The memberships in the dental plans are sold to governmental entities, employers, and individuals for periodic membership fees. No part of the membership fee is paid to the participating dentist. A member seeks dental care directly from his chosen dentist and the dentist's fees are paid directly by the member at the time the dental care services are rendered.
In defining "unprofessional conduct", LSA-R.S. 37:775 (7) states in pertinent part:
 "Directly or indirectly offering, giving, receiving, or agreeing to receive any fee or other consideration to or from a third party for the referral of a patient in connection with the performance of a dental service."
Further, "unprofessional conduct" as defined above is a violation of LSA-R.S. 37:776, the possible punishment for which is the imposition of a fine, liability for costs and the suspension or forfeiture of a dentist's license. These penalties convert the statute to one that is criminal in nature, and therefore, must be narrowly construed. In the opinion of this office, it would be a broad and expansive interpretation of the statute to read it in a manner that prohibits a dentist's participation in a PPO.
A violation of LSA-R.S. 37:776 requires the presence of two factors in order to be unprofessional conduct: (a) the dentist's giving or receiving a fee or other consideration to or from a third party; and (b) the referral of a patient in connection with the performance of a dental service. The discounted fee-for-service dental plan operated by these PPOs does not involve either of these two factors, and therefore, dentists' participation in such plans should not be grounds for disciplinary action.
Moreover, the PPO Act specifically authorizes and contemplates that health care providers may offer discounted rates and fees in exchange for participation in a PPO, and that the incentive for the providers in doing so is that they may get additional patients through such participation. While these participating dentists do agree to discount their fees, they neither pay to nor receive any money from these programs.
Your second inquiry focuses on whether LSA-R.S. 37:775 (7) and LSA-R.S. 37:776 (A)(19) are constitutional, vague or overly broad. We decline to respond to this inquiry. Statutes that are enacted by the legislature are presumed to be constitutional.
Since it is duty of this office to interpret questions of state law alone, we will refrain from addressing your third inquiry as it requests an interpretation of federal law.
The fourth and final issue in your opinion request is whether the Dental Service Contractors Law, LSA-R.S. 22:1510 et seq. prohibits the Louisiana State Board of Dentistry from enforcing the provisions of the Dental Practices Act. Our response in this regard is to direct your attention to LSA-R.S.37:760, defining the powers and duties of the board. The legislature has not curtailed the authority of the board with respect to those powers enumerated therein by the passage of LSA-R.S. 22:1510, et seq.
We trust this response to be of sufficient information. Please advise if we may be of further assistance.
Sincerely,
 Richard P. Ieyoub Attorney General
 By: Kerry L. Kilpatrick Assistant Attorney General